UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

CHRISTOPHER MORGAN,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER ANDRE
ANDUJAR, shield # 29015, POLICE OFFICER JOHN
DOE,

Defendants.

----------------------------------------------------------- x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP-0 1 2009 ★
BROOKLYN OFFICE
ORIGINAL

**COMPLAINT**

**09 3779**

Jury Trial Demanded

TRAGER. J.
MANN. M.J.

## PRELIMINARY STATEMENT

1.     This is an action brought pursuant to 42 U.S.C. § 1983 alleging civil rights violations by the City of New York and New York City Police Officers. Plaintiff alleges that, on February 11, 2009, two police officers assigned to the 88th Precinct, acting in concert, arrested him without cause, used excessive force against him, and made false allegations about him to the Kings County District Attorney's Office in violation of the Fourth and Sixth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of false imprisonment, assault and battery.

4.     A notice of claim was duly filed with the City of New York within 30 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not made an offer to settle plaintiff's state law claims.

5.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

6.     Plaintiff is a resident of the State of New York, County of Kings.

7.     The City of New York is a municipal corporation organized under the laws of the State of New York.

8.     Police Officer Andre Andujar and Police Officer John Doe are assigned to the 88th Precinct.  These officers were acting under color of state law and in their capacities as New York City Police Officers at all relevant times herein.  The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.  The officers are sued in their individual capacities.

## STATEMENT OF FACTS

9.     On February 11, 2009, at approximately 6:30 p.m., plaintiff was inside the Atlantic Avenue and Flatbush Avenue subway station, in Brooklyn New York.

10.     At all relevant times, plaintiff was obeying the law.

11.     At the above time and place, Officer Andre Andujar and a second police officer, identified herein as John Doe, approached plaintiff and seized him without cause.

12.     Officer John Doe asked plaintiff for identification.

13.     Plaintiff complied with Doe's request.

2

17. Officer Andre Andujar took the Metrocard and confirmed with the subway clerk that plaintiff had entered the subway in a lawful manner using his Metrocard.

18. Officer John Doe recorded plaintiff's pedigree information in his memo book.

19. Since plaintiff had not committed a crime, he asked Officer Doe the reason why he was recording his information in his memo book.

20. In response, Officer Andre Andujar pushed plaintiff into a wall, causing plaintiff pain and injury, and handcuffed plaintiff excessively tight.

21. Officer Andujar then arrested plaintiff without cause while Officer Doe looked on.

22. Officer Andre Andujar took plaintiff outside of the train station, put claimant into a van, and had plaintiff taken to the 88th Precinct.

23. While plaintiff was incarcerated in the 88th Precinct, Officer Andre Andujar, pursuant to a conspiracy with John Doe, prepared police reports which falsely stated that plaintiff had committed the crimes of disorderly conduct and resisting arrest.

24. On February 12, 2009, plaintiff was taken to Brooklyn Central Booking.

25. Plaintiff was held under horrendous conditions in Brooklyn Central Booking.

26. The cells in which plaintiff were held were severely overcrowded, infested with roaches and rodents, and filled with garbage and human excrement. Moreover, the one toilet in each cell was broken and filthy.

27. While plaintiff was incarcerated in Brooklyn Central Booking, Officer Andre Andujar, pursuant to a conspiracy with John Doe, misrepresented to the Kings County District Attorney's Office that plaintiff had committed the crimes of disorderly conduct and resisting arrest.

28. As a result of defendants' false allegations, a criminal court complaint was prepared charging plaintiff with disorderly conduct and resisting arrest.

29. On February 13, 2009, plaintiff was arraigned in Criminal Court.

30. The charges filed against plaintiff were adjourned in contemplation of dismissal.

31. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered a loss of liberty, emotional distress, mental anguish, fear, anxiety, and humiliation. Plaintiff also experienced pain and injury from being pushed into a wall and handcuffed in an excessively tight manner.

## FIRST CLAIM

### (FALSE ARREST AND IMPRISONMENT)

32. Plaintiff repeats the foregoing allegations.

33. Because Officers Andre Andujar and John Doe, acting in concert, arrested plaintiff without probable cause, defendants are liable under the Fourth Amendment and state law for false arrest and false imprisonment.

## SECOND CLAIM

## (EXCESSIVE FORCE)

34.     Plaintiff repeats the foregoing allegations.

35.     Because Officer Andre Andujar pushed plaintiff into a wall and handcuffed plaintiff excessively tight, Andujar is liable under the Fourth Amendment for excessive force.

## THIRD CLAIM

## (ASSAULT AND BATTERY)

36.     Plaintiff repeats the foregoing allegations.

37.     Because Officer Andre Andujar pushed plaintiff into a wall, handcuffed plaintiff excessively tight, and searched plaintiff without cause or consent, Andujar is liable under state law for assault and battery.

## FOURTH CLAIM

## (FABRICATION OF EVIDENCE)

38.     Plaintiff repeats the foregoing allegations.

39.     Because Officer Andre Andujar, pursuant to a conspiracy with John Doe, made false allegations about plaintiff to the Kings County District Attorney's Office in an attempt to have plaintiff prosecuted for disorderly conduct and resisting arrest, defendants are liable under the Sixth Amendment for fabrication of evidence.

## FIFTH CLAIM

## (MONELL V. DEPT. OF SOCIAL SERVICES)

40.     Plaintiff repeats the foregoing allegations.

41.     The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

42.     Upon information and belief, the City of New York, at all relevant times, was aware that the officers involved in this case are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

43.     Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action.

44.     The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.

45.     Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

46.     The aforesaid conduct by the City of New York violated plaintiff's rights under the Fourth and Sixth Amendments.

## SIXTH CLAIM

## (RESPONDEAT SUPERIOR)

47.     Plaintiff repeats the foregoing allegations.

48.     Officers Andre Andujar and John Doe were acting within the scope of their employment as New York City Police Officers when they arrested plaintiff without probable cause and assaulted and battered him.

50.     The City of New York is therefore vicariously liable under state law for false imprisonment, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.      Compensatory damages in an amount to be determined by a jury;

b.      Punitive damages in an amount to be determined by a jury;

c.  Attorney's fees and costs;

d.  Such other and further relief as this Court may deem just and proper.

DATED:  September1, 2009
        Brooklyn, New York

RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391